# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO SOTO,<br><br>        Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants.<br>_____/ | CASE: 1:12-cv-00477-GBC-(PC)<br><br>ORDER DENYING INCORRECT MOTION TO PROCEED IN FORMA PAUPERIS<br><br>Doc. 2<br><br>ORDER TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN 45 DAYS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Doc. 3 |

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee, or submitted a correct application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      On March 29, 2012, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the District Court must evaluate both the likelihood of success of

the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id*.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice;
2. Plaintiff's incorrect motion to proceed in forma pauperis is HEREBY DENIED, without prejudice;
3. The Clerk's Office shall send to Plaintiff the correct form for application to proceed in forma pauperis; and
4. Within **forty-five (45) days** of the date of service of this order, Plaintiff shall submit the attached application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $350.00 filing fee for this action. **Failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   April 3, 2012

UNITED STATES MAGISTRATE JUDGE