# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOTO ERNESTO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | ) 1:12cv00477 DLB PC<br>)<br>)<br>) ORDER DISMISSING FIRST<br>) AMENDED COMPLAINT WITH<br>) LEAVE TO AMEND<br>)<br>)<br>) THIRTY-DAY DEADLINE<br>) |

Plaintiff Soto Ernesto ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights complaint on March 29, 2012. On February 27, 2013, the Court dismissed the complaint with leave to amend. Plaintiff filed a First Amended Complaint on April 22, 2013. Plaintiff names Matthew Cate, Warden Connie Gipson, Dr. J. Moon, R.N. M. Ceballos, Dr. J. Kim, Dr. M. Loadholt, Dr. Edgar Clark, R.N. P. Rouch, Teresa Macias and L. Zamora as Defendants.

Plaintiff paid the filing fee and is not proceeding in forma pauperis.[1]

## A.　LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 17, 2012.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in the Secured Housing Unit at California State Prison, Corcoran ("CSP"), where the events at issue occurred.

Plaintiff alleges that he has a history of sciatic nerve damage caused by gunshots prior to his incarceration.  In the beginning of September 2007, Plaintiff experienced an intense, sharp pain at the back-side of his right knee.  The pain included his lower-back and shot through his right testicle and rectal area.

Plaintiff was first evaluated by Defendant Loadholt.  Defendant Loadholt conducted a prostate exam and prescribed Terazosin, a prostate enlargement medication.  At the time of the exam, Plaintiff could not properly urinate.

On November 4, 2007, Plaintiff was prescribed Oxybutynin at a dosage that was three-times higher than an average dose.  Plaintiff contends that the inadequate and excessive amount of medication prescribed by Defendant Loadholt caused him to suffer serious adverse effects and worsened his condition.  Plaintiff told Defendant Loadholt that the medication she prescribed was not working and that his condition was getting worse.

On November 25, 2007, Plaintiff was seen by Defendant Ceballos and a catheter procedure was conducted.

On November 26, 2007, Defendant Kim performed a second prostate exam.  Plaintiff told Defendant Kim that his nerve damage was causing him pain and making him unable to urinate.

He also told Defendant Kim that the Oxybutynin did not help with his inability to urinate and caused pain and suffering. Defendant Kim ignored Plaintiff's complaints and just re-prescribed the Oxybutynin.

On November 29, 2007, Plaintiff saw Defendant Loadholt again. He complained of severe pain and an inability to urinate. A third prostate exam was conducted and Oxybutynin was again prescribed. Defendant Loadholt did not provide any care for Plaintiff's original nerve pain problems.

On December 4, 2007, Plaintiff was experiencing severe pain in his lower abdomen, right testicle, penis and bladder. Defendant Loadholt requested that Plaintiff undergo a fourth prostate exam. Plaintiff told her that he had three prostate exams in less than two months and that a fourth one was excessive and unnecessary. Plaintiff explains that the prostate exams at CSP are conducted in embarrassing and humiliating conditions, with correctional officers in the room and numerous medical personnel observing.

On February 12, 2008, Plaintiff was seen by Defendant Ceballos. He was in severe pain and was unable to urinate. Defendant Ceballos inserted a catheter "forcefully" and without due care, causing pain and suffering. Since this procedure, Plaintiff is still experiencing pain and discomfort in the bladder area.

On February 12, 2008, the emergency room personnel at CSP Hospital ordered Plaintiff to be brought back for emergency evaluation. Plaintiff was evaluated by Defendant Moon, who told Plaintiff that another prostate exam was needed. During the exam, Plaintiff was in severe pain and unable to urinate. Plaintiff told Defendant Moon that three prior prostate exams were conducted within the past three months. Defendant Moon told Plaintiff that he did not have his medical file and that needed to perform the procedure to rule out serious problems, including cancer. Plaintiff consented to the prostate exam, believing that he had no other option. During the exam, Plaintiff was shackled in waist chains and lying down on his side. Plaintiff alleges that

3

the exam subjected his to sever pain and discomfort.  Defendant Moon prescribed Hytrin, in addition to numerous other medications.  He failed, however, to prescribe anything for Plaintiff's pain and suffering.

On February 20, 2008, Plaintiff saw Defendant Loadholt again and continued to complain of severe pain and an inability to urinate.  Defendant Loadholt refused to provide Plaintiff with adequate medication or treatment for sciatic nerve damage and pain in his testicles, penis, bladder and abdomen.  Defendant Loadholt prescribed Hytrin, which consequently caused Plaintiff's urination condition to worsen and caused pain and suffering.

On February 26, 2008, Plaintiff filed a Health Care Request Form complaining of severe pain and an inability to urinate.

On April 4, 2008, Plaintiff underwent his first cystoscopy urethral dilation surgery.  The results detected a mildly enlarged prostate.

Plaintiff underwent several urinalyses that detected blood in his urine during 2009, 2010 and 2011.

Shortly after a cystoscopy procedure in 2010, Plaintiff was told by Dr. Narredy that a mildly enlarged prostate is normal for adult males.  Dr. Narredy discontinued all medications that Defendants Loadholt, Moon and Kim had prescribed and which caused a deterioration of Plaintiff's health.

Presently, Plaintiff continues to experience urination complications along with pain and suffering.  Up to 33 medications have been prescribed and Plaintiff told all Defendant doctors of the continuous complications and side effects.

On February 9, 2010, Plaintiff filed an inmate grievance complaining of the ongoing medical problem that CSP medical personnel had failed to acknowledge or resolve.

On May 27, 2010, Defendant Rouch interviewed Plaintiff and subsequently denied that she ordered him to be seen by a nerve specialist or to receive pain medication.

4

On October 25, 2010, Defendants Clark and Macias signed off on the denial of Plaintiff's appeal at the Second Level.

On March 30, 2011, Defendant Zamora denied Plaintiff's appeal at the Director's Level.

Based on these facts, Plaintiff alleges that Defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment.

C.     **DISCUSSION**

    1.     Legal Standard

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d

On October 25, 2010, Defendants Clark and Macias signed off on the denial of Plaintiff's appeal at the Second Level.

On March 30, 2011, Defendant Zamora denied Plaintiff's appeal at the Director's Level.

Based on these facts, Plaintiff alleges that Defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment.

C.     **DISCUSSION**

    1.     Legal Standard

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d

978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

### 2. Defendants Cate and Gipson

Under section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Here, Plaintiff names Cate and Gipson as Defendants, but fails to allege *any* facts linking them to any alleged constitutional violation. Both Defendants Cate and Gipson are in supervisory positions, and Plaintiff has failed to either (1) directly link them to the alleged deprivations through personal participation, or (2) allege that they knew of the deprivations and failed to act.

Accordingly, Plaintiff fails to state a claim against either Defendant Cate or Defendant Gipson.

### 3. Defendant Ceballos

Allegations of negligence are insufficient to state a claim under the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely because the victim is a

6

prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Here, Plaintiff alleges that Defendant Ceballo performed two catheter-insertion procedures. He alleges no facts relating to the first procedure. As for the second procedure in February 2008, Plaintiff states that Defendant Ceballo inserted the catheter "forcefully" and without due care, causing pain and suffering. However, despite Plaintiff's description, there is no indication that Defendant Ceballo acted with the requisite state of mind. If anything, Plaintiff's allegations that she failed to use "due care" is akin to a negligence claim and cannot support an Eighth Amendment violation. Even assuming Defendant Ceballos erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a medical professional. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Accordingly, Plaintiff has failed to state a claim against Defendant Ceballos.

4.   Defendants Loadholt, Moon and Kim

   a.   *Prescribed Medication*

Plaintiff alleges that he told Defendants Loadholt, Moon and Kim that the prescribed medications did not work and caused further harm, but they continued to prescribe the medications nonetheless. In other words, Plaintiff disagreed with Defendants' choice of medication because he believed that it did not work and made his condition(s) worse.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances

and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

At most, Plaintiff has shown a difference of opinion. Although he states that he told Defendants Loadholt, Moon and Kim that the medications were not working and/or causing further harm and that they continued to prescribe the medications, he has not alleged that they chose a medically unacceptable course of treatment in conscious disregard of an excessive risk.

    b.  *Failure to Treat Nerve Pain*

Plaintiff also alleges that Defendants Loadholt and Moon failed to treat his nerve pain and/or failed to give him medication for pain. Again, however, despite his allegations, Plaintiff has not alleged facts to show that they acted with deliberate indifference. It is clear from Plaintiff's allegations that Defendants continued to treat Plaintiff and continued to provide him with medications. While Plaintiff believes that Defendants Moon and Loadholt failed to treat his nerve pain, there is no indication that their course of treatment was medically unacceptable in conscious disregard of an excessive risk to Plaintiff.

    c.  *Further Prostate Examination*

Finally, Plaintiff appears to disagree with Defendant Moon's decision to perform a fourth prostate examination. As with his previous allegations, Plaintiff has shown that he simply disagreed with Defendant Moon's course of treatment. Given Plaintiff's symptoms and Defendant Moon's explanation that more serious conditions needed to be ruled out, Plaintiff would be hard-pressed to claim that Defendant Moon was deliberately indifferent to a serious medical need. While Plaintiff may not have liked the circumstances under which he was forced to undergo such an exam, i.e., while shackled in waist chains, such circumstances do not transform his claim into an Eighth Amendment violation in the prison context.

Accordingly, Plaintiff has failed to state a claim against Defendants Loadholt, Moon and Kim.

5.      *Defendants Rouch, Clark, Macias and Zamora*

Defendants Rouch, Clark, Macias and Zamora were involved in adjudicating Plaintiff's appeals.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here.

Defendant Rouch interviewed Plaintiff in response to his appeal.  Plaintiff contends that she later denied making certain statements, but this does not form a basis for liability.

Defendants Clark, Macias and Zamora denied Plaintiff's appeals at various levels.  However, there is no indication that they knew of a constitutional violation and failed to prevent it.  In fact, Plaintiff has not stated a viable claim against any Defendants relating to his medication care.  Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

Plaintiff has therefore failed to state a claim against Defendants Rouch, Clark, Macias and Zamora.

D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's First Amended Complaint is dismissed, with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **November 13, 2013**                            /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE