# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO SOTO, | ) 1:12cv00477 DLB PC |
| Plaintiff, | ) ORDER DISMISSING THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |
| vs. | ) |
| LOADHOLT, et al., | ) |
| Defendants. | ) |

Plaintiff Ernesto Soto ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights complaint on March 29, 2012. Plaintiff paid the filing fee and is not proceeding in forma pauperis.[1]

Pursuant to Court order, Plaintiff filed a First Amended Complaint on April 22, 2013, and a Second Amended Complaint on March 6, 2014. The Court dismissed the Second Amended Complaint, with leave to amend, on August 13, 2014. The Court warned Plaintiff that this would be his final opportunity to amend.

Plaintiff filed his Third Amended Complaint on November 3, 2014. He names, Dr. J. Moon, R.N. M. Ceballos, Dr. J. Kim, Dr. M. Loadholt, Dr. Edgar Clark, R.N. P. Rouch, Teresa

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 17, 2012.

1

Macias and L. Zamora as Defendants.[2]  Except for Defendant Zamora, all Defendants were employed at Corcoran State Prison ("CSP") during the relevant time period.

## A. LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## B. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated in High Desert State Prison in Susanville, California.  The events at issue occurred while Plaintiff was housed at CSP.

Plaintiff alleges that in the beginning of September 2007, he began experiencing intense, sharp pain in the back of his right knee, lower back, right testicle and rectal area.  He also had trouble urinating.

Plaintiff submitted a medical care request form and was seen by R.N. Johnson and Defendant Loadholt a few days later.  Plaintiff told Defendant Loadholt his problems and he was given a rectal/prostate examination.  Plaintiff was prescribed Terazosin for prostate enlargement, but he did not receive any pain medication to relieve his sciatic nerve pain.

About a week later, Plaintiff returned to Defendant Loadholt for his ongoing pain.  He told Defendant Loadholt that the Terazosin was not working, and was causing adverse side

---

[2] Although Plaintiff named Matthew Cate and Connie Gipson in his prior complaints, he now states that he wishes to dismiss them from this action.

effects such as pain and complications with urination.  Defendant Loadholt's response was "negative," and she "just prescribed a second pill."  ECF No. 32, at 5.  Plaintiff thought that the second medication was for pain relief.  However, the medication, Oxybutynin, was also for prostate enlargement.  Plaintiff alleges that Defendant Loadholt's conduct in ignoring his health concerns on multiple occasions (November 24, 2007, November 29, 2007, December 4, 2007 and February 20, 2008) constituted deliberate indifference.

On November 25, 2007, Defendant Ceballos conducted a catheter procedure.

On November 26, 2007, Plaintiff was seen by Defendant Kim.  Plaintiff told Defendant Kim about his pains and "lack of health from the prescribed medications given by Defendant Loadholt."  ECF No. 32, at 7.  Plaintiff also told Defendant Kim about his serious medical needs and pains.  Defendant Kim said, "I'm the doctor here, just keep taking your medication pills if you want to get well."  ECF No. 32, at 7.  Plaintiff believes that Defendant Kim knew of Plaintiff's medical needs and was deliberately indifferent when he ignored them.

On February 12, 2008, Plaintiff was admitted to the emergency room and seen by Defendant Moon.  Plaintiff told Defendant Moon that the Terazosin and Oxybutynin medications were prescribed by Defendant Loadholt, and that he was experiencing very serious side effects.  Plaintiff asked to see a nerve specialist for his sciatic nerve damage.  However, Defendant Moon "simply stated, 'you are not going to die from those side effects, just keep taking your pills.'"  ECF No. 32, at 6-7.  He underwent a fourth "disrespectful" prostate examination.  Plaintiff contends that Defendant Moon knew of his medical needs and was deliberately indifferent when he ignored them.

On February 12, 2008, Plaintiff received a second catheter procedure from Defendant Ceballos.  Plaintiff contends that the procedure was conducted in a "very aggressive and painful manner."  ECF No. 32, at 6.  Plaintiff told Defendant Ceballos that she was hurting him, but she

"maintain[ed] a negative and painful approach." ECF No. 32, at 6. Plaintiff contends that she was deliberately indifferent.

On April 9, 2008, Plaintiff underwent a cystoscope that revealed "mild smooth prostate enlarge." ECF No. 32, at 7. Plaintiff had a second cystoscope done in 2012, and the results were the same. Plaintiff contends that this shows that his prostate enlargement medications, which he had asked doctors to change, were "doing nothing good." ECF No. 32, at 8.

After the second cystoscope, Plaintiff asked another doctor for his opinion. This doctor was "alarmed" and cancelled Plaintiff's prostate enlargement medications. ECF No. 32, at 8. He told Plaintiff that mild prostate enlargement was nothing to be alarmed about.

On February 9, 2010, Plaintiff submitted a medical appeal. In his appeal, Plaintiff complained of abdominal pain, nerve pain, and pain during urination. He also complained that his pain medication had been discontinued without warning or reason.

On April 16, 2010, Defendant Rouch interviewed Plaintiff in connection with his appeal. He told her all of his health problems and asked to be referred to a nerve specialist. Defendant Rouch denied his request, stating that the prison did not have sufficient funds to send him to a specialist. As to his complaints about his prostate medications, Defendant Rouch stated, "that's not the issue at this time." ECF No. 32, at 10.

On June 16, 2010, Defendant Macias denied the appeal at the First Level of Review. Plaintiff contends that Defendants Rouch and Macias knew of his medical problems but were deliberately indifferent in ignoring them.

On October 25 and 26, 2010, Defendants Clark and Macias denied the appeal at the Second Level of Review. The reviewers explained that they had reviewed Plaintiff's medical records and determined that there was no evidence to support his request to see a specialist. As for his pain medication, the reviewers determined that it was appropriate treatment according to the new California Prison Health Care Services guidelines. Plaintiff contends that Defendants

Clark and Macias knew of his medical needs but were deliberately indifferent in delaying medical care.

On October 31, 2010, Plaintiff submitted his appeal for Director's Level Review.

On March 20, 2011, the appeal was denied by Defendant Zamora.  Defendant Zamora explained that Plaintiff had received Primary Care Provider evaluations, as well as a January 18, 2011, nephrology evaluation for complaints of abdominal pain, pain with urination and hematuria.  Documentation dated January 10, 2011, indicates a normal abdominal examination, during which Plaintiff was in no acute distress and appeared well.  Plaintiff had active orders for medications, including analgesics and bladder antispasmodics.  Plaintiff contends that Defendant Zamora knew of his medical needs but was deliberately indifferent by denying medical attention.

Based on these allegations, Plaintiff requests declaratory relief, injunctive relief and monetary damages.

**C.** **DISCUSSION**

    1.    Legal Standard

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further

significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

    2.    Analysis

        a.    *Defendants Loadholt, Moon and Kim*

Plaintiff's allegations against Defendants Loadholt, Moon and Kim are based on his belief that they ignored his medical needs. However, as with his prior amendments, Plaintiff's allegations do not support a finding that Defendants ignored his complaints. Rather, his allegations demonstrate that Defendants Loadholt, Moon and Kim provided treatment for Plaintiff, though Plaintiff apparently believes that the treatment was insufficient in some way.

Defendant Loadholt gave Plaintiff prostate medications, but no pain medications. Although Plaintiff told her that the medication was causing side effects, she gave him another prostate medication. Plaintiff also told Defendant Kim of his pain and concerns, but he told Plaintiff to keep taking his medications if he wanted to get better. Similarly, Defendant Moon told Plaintiff that the side effects were not serious and that he should keep taking his medications.

While he may not have agreed with their treatment, Defendants Loadholt, Moon and Kim did not ignore Plaintiff's medical needs. A disagreement with treatment does not rise to the level of deliberate indifference unless Plaintiff can show "that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow v. McDaniel, 681 F.3d 978, 987-988 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).

Plaintiff makes no such showing here. This has been explained to Plaintiff on numerous prior occasions, but he has failed to correct the deficiency. Further leave to amend is not warranted.

    b.  *Defendant Ceballo*

Plaintiff contends that Defendant Ceballo was deliberately indifferent when she performed a catheter-insertion procedure on February 12, 2008. Plaintiff states that the procedure was conducted in a "very aggressive and painful manner," and that even when Plaintiff told her that she was hurting him, she "maintain[ed] a negative and painful approach."

However, despite Plaintiff's description, there are no facts to show that Defendant Ceballo acted with the requisite state of mind. Certain procedures are simply painful, and the Eighth Amendment is not violated by the fact that a prisoner experienced pain.

Even assuming that Defendant Ceballo erred, a finding that is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow v. McDaniel, 681 F.3d 978, 987-88 (9th

Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Plaintiff therefore fails to state a claim against Defendant Ceballos.  The Court explained this deficiency in the prior screening order(s), but Plaintiff has failed to correct it.  Further leave to amend is not warranted.

   c. *Defendants Rouch, Clark, Macias and Zamora*

Defendants Rouch, Clark, Macias and Zamora were involved in adjudicating Plaintiff's appeals.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here.

As he did in his prior complaints, Plaintiff fails to allege facts that these Defendants knew of a constitutional violation but failed to prevent it.  In fact, Plaintiff has not stated a viable claim against any Defendants relating to his medication care.  Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

The Court also notes that the medical grievance at issue was submitted almost two years *after* Plaintiff's last medical treatment described in his complaint.  The appeal involved complaints of abdominal pain, nerve pain, and pain during urination.  He also complained that his pain medication had been discontinued without warning or reason.  Insofar as Plaintiff faults

the treating Defendants for prescribing the prostate medications, it cannot be said that the reviewing officials were aware of the problem and failed to correct it where the grievance doesn't specifically address such allegations.  Moreover, given the time lapse, it is unclear whether *any* of the actions of the treating Defendants were even at issue.  Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation.  Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

Plaintiff has therefore failed to state a claim against Defendants Rouch, Clark, Macias and Zamora.  He was informed of these deficiencies in the prior screening order, but has failed to correct them.  Further leave to amend is not warranted.

**D.      CONCLUSION AND ORDER**

Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff has had numerous opportunities to correct the deficiencies, but he has failed to do so.  Plaintiff was warned in the prior screening order that this would be his final opportunity to amend.  Accordingly, further amendment is not warranted.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated:   **February 11, 2015**                    /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE